UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paula Zelesnick, et al. | ) | CASE NO: 1:21CV1725 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Islander Apts 44130, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiffs Paula Zelesnick ("Paula" or "Plaintiff") and Greg Zelesnick ("Greg") filed this action against "Islander Apts 44130", Normandie & Lacerne, "City of Middleburg Heights Cle 44130", "City of Cleveland, Ohio 44114", "Federal Bldg, Cle OH 44149", and "Cle AA Central Office St. Claire." For the following reasons, this action is dismissed.

**I. Background**

On September 3, 2021, Plaintiffs filed a brief complaint containing disjointed and illogical statements. (Doc. No. 1). The complaint includes statements such as "I have been falsely accused of staying at my father's [apartment] and he is being threatened with their lies and is being forced to pay an additional amount for me to reside there, when I don't reside there …"; "I would never rent from The Islander Apts."; "I have complained to the DEA about all the drug dealers at the apartment … I will continue to contact the DEA on behalf of his safety…"; and "I have filed suits previously … regarding General Electric Co." (*Id.* at 1-3). The complaint is signed only by Paula.

It appears that Plaintiffs are seeking $5,000,000 "from the cities of Cle, Middleburg Heights, and Parma, Ohio" for "all the neglect and abuse and intimidation of my father." (*Id.* at 3). They are also seeking $50,000,000 "from the City of Cincinnati." (*Id.* at 4).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to

raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

As an initial matter, an adult litigant who wishes to proceed *pro se* must personally sign the Complaint or Petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, N.D.Ohio No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (Nov. 18, 2015) (citing 28 U.S.C. § 1654). Upon review, the Court finds that Greg did not physically sign the complaint filed in this action. The Court is therefore without jurisdiction to hear Greg's claims.

To the extent Paula seeks to represent Greg's interests, there is no indication from the complaint that Paula is an attorney licensed to practice law. And a *pro se* litigant may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v.*

3

*County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *see also Jackson v. Kment*, No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (E.D. Mich. Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). Paula therefore lacks standing to represent Greg's interests.

Accordingly, the Court will recognize only Paula as the proper plaintiff in this action and any purported claims concerning Greg will not be considered.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to connect any alleged occurrence to any specific injury, and she fails to identify how any named defendant harmed her. Indeed, Plaintiff fails to include virtually any factual allegations, she does not assert a discernable claim based on recognized legal authority, and she fails to state a legal cause of action within the jurisdiction of this Court. And this Court and the defendants are left to guess at basic elements of her claim. Plaintiff's complaint does not satisfy the

minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed.

### IV. Conclusion

Paula's motion to proceed *in forma pauperis* (Doc. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

December 16, 2021 /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT